**Opinion issued March 31, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00408-CR

_____

**IVAN LOPEZ-LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 458th District Court**
**Fort Bend County, Texas**
**Trial Court Case 21-DCR-095036A**

---

## MEMORANDUM OPINION

A jury convicted the appellant of continuous sexual abuse of a child and assessed punishment at forty years' confinement. The appellant raises one point of error challenging the sufficiency of the evidence to support his conviction. We affirm.

## Background

The appellant married Yolanda's[1] mother when Yolanda was in elementary school. The appellant began sexually abusing Yolanda when she was eleven. Yolanda testified that the first time was when the family was staying with Yolanda's uncle in Joaquin, Texas. The appellant woke her up in the middle of the night, took her into the bathroom, and locked the door. He touched her breasts and vagina, then he penetrated her vagina with his penis. Afterward he told her to stay quiet and go back to sleep.

Yolanda testified that when she was twelve the appellant began abusing her in the trailer where the family lived in Fort Bend County. He did it a couple of times per week for two or three years. The pattern was consistent: He would pull her by the arm into the bedroom, take off his pants and her pants, and touch her "in the same areas, penetrating [her] again."

Yolanda testified that when she was fifteen she told the appellant to stop molesting her. The physical abuse stopped, but the appellant continued to comment on her appearance "in a sexual dirty way."

---

[1] The complainant is identified by a pseudonym in the indictment and throughout the record. *See* TEX. CODE CRIM. PROC. art. 58.102 (allowing victims of sexual offenses to be identified by pseudonym throughout judicial proceedings).

Yolanda testified she disclosed the abuse to a few people without giving details, but when she was 19 years old she finally gave details to her boyfriend. Then she told her mother of the abuse. Her mother reported the abuse to the police.

**Sufficiency**

In a single point of error the appellant claims the evidence is insufficient to support his conviction because, he claims, Yolanda was not credible: "No rational juror could have believed the complainant in this case." This is so, the appellant claims, because Yolanda disclosed different types and levels of abuse at different points of the investigation, and because the amount of abuse she disclosed was not believable.

On sufficiency review we must view the evidence in the light most favorable to the verdict, determining only whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We may not reevaluate the weight and credibility of the evidence. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see Brooks*, 323 S.W.3d at 899 (reviewing court may not sit as "thirteenth juror," disagree with the jury's "weighing of the evidence," or "disagree with a jury's resolution of conflicting evidence"). The jury is the sole judge of witness credibility and the weight to be given testimony. *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012). The testimony of the victim, alone, can support a

conviction for continuous sexual abuse of a child. TEX. CODE CRIM. PROC. art. 38.07(a), (b)(1); *Wishert v. State*, 654 S.W.3d 317, 328 (Tex. App.—Eastland 2022, pet. ref'd); *Fernandez v. State*, No. 01-21-00541-CR, 2023 WL 3742350, at *7 (Tex. App.—Houston [1st Dist.] June 1, 2023, no pet.) (mem. op., not designated for publication).

To sustain a conviction for continuous sexual abuse of a child, the evidence must show that, while the appellant was at least 17 years old, and during a period that was 30 or more days in duration, the appellant committed two or more acts of sexual abuse against a child under the age of 14. TEX. PENAL CODE § 21.02(b). The Penal Code has an expansive list of offenses that count as "act[s] of sexual abuse," but the indictment in this case narrowed the State's theories of liability by specifying two: aggravated sexual assault of a child and indecency with a child by contact, if committed in a manner other than by touching the child's breast.

Yolanda testified the appellant had sexual intercourse with her once when she was eleven, and twice a week for three years beginning when she was twelve. Yolanda and her mother both testified the appellant was over 17 years old at the time of the sexual assaults. That is sufficient to support the conviction.

The appellant argues Yolanda's testimony was not credible because of the quantity of acts of sexual abuse she testified to. The appellant provides no authority suggesting that a rational factfinder cannot believe testimony that an offense

4

happened a lot. Such a rule would create perverse results, acquitting habitual assailants *because* they were habitual assailants.

The appellant also claims Yolanda's testimony was not credible because she divulged more information at trial than she had told police at the beginning of the investigation. The appellant provides no authority for the proposition that this makes Yolanda's testimony so incredible no rational factfinder could believe it. The lack of authority here is notable because a complainant disclosing different levels of abuse at different points of an investigation is an ordinary occurrence in child sexual assault prosecutions. *See, e.g.*, *Lopez v. State*, No. 01-23-00948-CR, 2025 WL 1256452, at *2 (Tex. App.—Houston [1st Dist.] May 1, 2025, pet. ref'd) (mem. op., not designated for publication) (noting that complainant made "partial disclosure" to investigators but made more complete disclosure a year later to prosecutors). Witnesses in this case testified to as much, and the jury made its credibility finding in light of that evidence.

We decline the appellant's invitation to revisit the jury's credibility determinations. We overrule his sole point of error.

## Conclusion

We affirm the trial court court's judgment.

Clint Morgan
Justice

Panel consists of Justices Gunn, Caughey, and Morgan.

Do Not Publish.